*405
By the Court:

Barbour, C.J.
This is an appeal from an order of the Special Term, permitting the plaintiffs to bring an action upon a judgment recovered in 1854, by “ The Mechanics’ Banking Association of ISTew York,” then organized under the laws of this State, against the defendant; the principal object of such contemplated suit being to test the validity of an insolvent’s discharge, which was granted to the defendant subsequently to the recovery of the judgment.
Without pausing to inquire, in this case, whether an insolvent’s discharge from his debts can properly be inquired into in a collateral proceeding, such, for instance, as a motion to set aside an execution, Or otherwise than in an action to which such discharge may be pleaded in bar of a recovery (see 2 R. S., sec. 87), it is sufficient to say that an action upon the judgment in this case will afford the easiest, simplest, and most certain means of obtaining a full and complete "adjudication of the question as to whether the defendant is released therefrom by the alleged discharge.
The point of the defendant, that the order ought to have directed the action to be brought in the Superior Court, does not appear to be well taken. The Code (see. 71) does not require such a condition to be inserted in the order; and we may, therefore, assume that the legislature designed to leave to plaintiffs, in actions upon judgments, the same common-law right to select the forum in which to bring their suits that other plaintiffs possess.
The question raised by the defendant’s counsel, that the proposed plaintiffs cannot sustain an action upon the judgment, as the mere successors of a defunct corporation, may become an important one upon the trial, or on demurrer; but it is a question that cannot, properly, be determined upon a motion like this.
The order should be affirmed, with costs.
McCunn, J., dissented.